Nott, J.,
delivered the opinion of the court:
The suit was brought by a married woman to recover the proceeds of captured property alleged to have been hers in her own right. After the period for bringing such actions had elapsed, she joined her husband as co-claimant, and filed an amended petition. The defendants plead the limitation of the statute.
The amended petition alleges, like the first, that the wife u toas the owner and in possession of forty-seven bales of sea-island cotton, purchased with money received from her mother, stored in the city of Charleston, on the premises of your petitioners and it seeks to recover the proceeds in the name and right of the wife. The evidence is in accordance with the averment, and shows that the wife purchased the cotton in her own name, with funds derived from the estate of her mother, and believed to be her separate property.
The law of South Carolina, at the time of the seizure of this property, was the common law ; and it had been declared by the case of Myers v. Griffts, (11 Rich. R., p. 560,) that chattels acquired by the wife after marriage vest instantly in the bus-band. Therefore, the captured cotton was the property of the husband; he was the owner of it, and he only can recover the proceeds.
But he, as has been said, was not brought into the case until the period had elapsed to which the bringing of such suits is limited by the act.
Nevertheless, we think that he should recover. The object of the statute was to bring all claims upon the fund before the court within a fixed and definite period. In the Cowan Infant’s Case (5 O. Cls. R., p. IOC,) we' held that, where suit had been brought by the guardian of the infant, instead of the administrator of the estate, the new representative might be joined as a party. In the recent case of Payan, (ante, p. —,) we held that the assignor of the property might bo substituted as claimant for the assignee, and the suit proceed in the name of the assignor to the use of the assignee. In the English case of Brown v. Fullerton, (13 Mees. & Wels., p. 556,) the Court of Exchequer allowed the writ and all subsequent proceedings to be amended by adding the name of the official assignee in *499 bankruptcy as another plaintiff; because “ it appeared that, if the amendment were not made, the statute of limitations ivoiild he ■ a har to the recovery of the debt for which the action was brought.’7 In another English case, Carne v. Malins, (6 L. & Eq., 568,) the same court, and for the same reason, allowed the plaintiffs ■to amend the writ by adding as- plaintiffs the names of eight new parties, these new parties being in fact copartners in trade with those in whose name the suit originally stood. These English cases fully sustain the previous action of this court in -allowing the amendment, and saving a meritorious cause of action. It is hardly necessary to add that the common law regards the husband as the protector, guardian, and representative of the wife, and that he is in no sense an adverse claimant coming in to defeat instead of secure her rights and equities.
The judgment of the court is that the claimant, William II. Greene, recover the proceeds, in the Treasury, of forty-seven bales of sea-island cotton, captured at Charleston, at the rate ■of $2;>i,01 per bale, amounting in the aggregate to $10,833.67.