Drake, Ch. J.,
delivered the opinion of the court:
This is an action to recover the proceeds of sixty-four bales of cotton.
In the petition the claimant sued as guardian of William S. Rolls, an infant. The petition has been amended, so as that he appears, also, as administrator of Malvina A. Bolls. He now moves the court for leave to file a new amended petition, to take the place of the original petition and the amendment thereof, and the new petition is presented to the court with the *263 motion. Upon inspecting it, we find that tbe substantial amendments sought to be made are: 1. The appearance of the claimant as administrator of Matthew Bolls, as well as of Mal-vina A. Bolls, and as guardian of William S. Bolls ,• and 2. The increase of the cotton alleged to have been sold by agents of the Treasury Department, from sixty-four to one hundred and ninety-seven bales.
On the first point there would probably be no objection to the proposed amendment. We have not hesitated, in cases of this description, to add or substitute parties; and no good reason now occurs to us why a single party may not sue in all the capacities in which it is necessary for him to appear, in order to reach a fund which the law intends shall go to the rightful claimant.
The question presented on the second point is that which was felt by the claimant’s counsel to require extended research and argument. It is believed to be now presented here for the first time.
The application is to increase more than threefold the number of bales of cotton originally alleged to have been sold. It is made more than four years after the expiration of the time within which suits for the proceeds of captured property might have been lawfully instituted, some five years after this suit was brought, and nearly ten years after the alleged sale of the cotton. If this amendment should be allowed, it would seem as if no similar amendment could well be refused to any pending case in which it might be applied for. Hence, the conclusion to be reached in this case has an importance beyond the mere amount involved.
It was earnestly urged by claimant’s counsel, that the question involved in this motion is merely one of limitation; and they cited authorities in support of the proposition, that courts may allow the introduction into a pending suit, by amendment of the declaration, of a new cause of action after a suit thereon has been barred by the statute of limitation, and that for the express purpose of avoiding that bar.
Whatever weight might be given to those authorities, if we regarded the question here as one of limitation, we do not consider them applicable, because we have arrived at the conclusion that the question is not one of limitation, but of jurisdiction.
*264 Every statute of limitation acts upon existing causes of action, by prescribing a period of time within which they must be prosecuted by suit at law, and barring their prosecution after that time.
No such statute is involved in this case, for the simple and conclusive reason that, until the passage of the act of March 12, 1863, no person, whose property in the rebel States was captured by the military forces of the United States, or seized by the agents of the Treasury Department, had, or could possibly have had, any semblance of a right to sue the United States in this or any other court for the recovery of the proceeds of the sale of such property. It is that act alone which conferred that right. Of course it is conferred upon those only who are designated in the act; and they can exercise the right only in such manner, at such place, and within such time as the act prescribes.
Who is so designated? “ Any person claiming to have been the owner of any such abandoned or captured property.”
How’is the claim to be asserted ? By the claimant’s preferring in this court his claim to the proceeds of such property.
When may he prefer his claim ? “ At any time within two years after the suppression of the rebellion.”
This court, therefore, is invested with jurisdiction of any such claim preferred within that period of time, but has no jurisdiction of any claim preferred after the expiration of that time.
The claimant’s right to institute this suit depended, therefore, upon his doing so within those two years. If he did not prefer his claim within that time, he would simply have had no right to appear here at all as a claimant under the act of March 12,1863, and his position would have been just that which he would have occupied if that act had not been passed. He would not have been barred of the right to prosecute an existing cause of action, but would simply not have acquired that right. It would have been a case of absence of right, not a case of debarred remedy.
That the legislature had a specific purpose in requiring claims of this kind to be preferred within a specified time cannot be doubted. The purpose seems to us to have been to gather into one place, within a limited time, every claim to the proceeds of captured property, so as that the Government should, within *265 that time, be in a condition to know, first, the sum total of those claims; and, secondly, how to resist those which might be illegal, false, or unjust.
So regarding it, we cannot, consistently with legal principle, allow to be done indirectly what cannot lawfully be done directly. Neither this claimant nor any other could now bring a suit here for the proceeds of captured property. The time for that has long since expired. Whoever did not within that time prefer his claim for such proceeds, in effect declared that he had no such claim. Whoever within that time preferred such a claim, in effect declared it to be his whole claim. In either case he is concluded; in the former by his silence, in the latter by his express declaration. He can no more unsay the latter than he can undo the former. The right which he asserted within the prescribed time, when all the facts were fresh, and when self-interest would at least have led him not to diminish his claim, is the only right which the Government has agreed to allow to be asserted here; and it is as much the right of the Government, after the expiration of that time, to be protected against the increase of a claim which had been timely preferred, as against a claim which had not within that time been pre- ’ ferred at all.
Leave to file the amended petition is refused, because it increases the quantity of property alleged to have been sold by the agents of the Treasury Department.