Drake, Ch. J.,
delivered the opinion of the court:
On the 15th day of December, 1866, William J. Hill brought suit in this court under the Act March 12, 1863, to recover the proceeds of 149 bales of cotton, seized by the military forces of the United States in 1863; which suit is now upon the trial-docket of this court and ready, on the part of the claimant, for trial.
At the present term of this court one Johnson Montgomery, administrator of the estate of Thomas Montgomery, deceased, filed a motion “ for leave to file an intervening- petition in said cause, in order to assert and establish his right and title to the proceeds of cotton claimed in said cause by the said William J. Hill.”
In support of that motion the mover presents a verified petition, in form and substance as if he were bringing a regular suit for the proceeds of 14-9 bales of cotton, and asks leave to file that petition in the case of Hill.as a petition of intervention, ánd prays that it be taken as an affidavit in the support of his motion. *
The petition avers the ownership of the cotton by the petitioner’s intestate, and its seizure and sale; admits, in terms, that the intestate was a rebel, but claims that he was entitled to the benefit of the proclamation of universal amnesty,- and asserts the right of the administrator to recover, not merely the proceeds of the cotton, which went into the Treasury, but a sum nearly treble the proceeds, which he claims to have been the value of the cotton when taken ; and closes the petition in the following words:
" Petitioner further statos that William J. Hill, of Madison Parish, Louisiana, has a petition now pending in this court, *363 (No. 2548,) claiming the proceeds of the sale of this cotton by-virtue of a purchase from one Robert Ellis, whereas, in truth and in fact, said Ellis never had any interest in, or right to, said cotton, which -fact was well known to said William J. Hill; and that the said Hill and Ellis colluded and combined together to defraud petitioner out of his rights to the proceeds of said 149 bales of cotton. Wherefore, petitioner prays that this petition may be taken and stand as an intervening petition, and that the rights to the proceeds of said cotton may be adjudged to petitioner.”
In several instances, where there were two or more claimants in separate suits, of the proceeds of the same cotton, we have directed the separate suits to be tried together, in order that we might more fully and clearly see which party was really entitled, as against the United States, to the money. In every such case all the claimants had a legal standing in court, having respectively brought suit in the manner and within the time prescribed by law; and, as against the United States, each might, if his case warranted it, obtain a judgment, if there were not another party showing á better right to the proceeds.
But such is not the position of the party who now seeks to intervene in the case of Hill, that he may, oust Hill and take the money in question. Neither Johnson Montgomery nor his intestate, Thomas Montgomery, has ever brought suit in this court for the proceeds of the cotton in question. The time limited for the institution of any such suit elapsed more than four years ago. If this party should now file this petition as the foundation of a suit for those proceeds, it might be dismissed on motion. He has, therefore, as yet, attained -no standing whatever here as a suitor. It is that, evidently, which he is trying to obtain by this proceeding. He did not walk into the court by the open door while it stood open, but now seeks to climb in upon the shoulders of one who, whether able eventually to sustain his claim or not, came here in the right way and in due time, and thereby obtained a legal right to be heard.
In the case of Kidd, guardian, (ante.) we held that we could not do indirectly what we might not lawfully do directly, and we therefore refused to allow a party, after the time limited for suing under the Act March 12, 1863, had expired, to increase his claim by increasing the quantity of cotton for which he sued ; because this court has no jurisdiction of any claim preferred *364 bere under that act after the expiration of that time. The mat-now before us stands essentially on the same ground. In each case the attempt is to bring before the court a claim which was not preferred within the time allowed by law for preferring it. In whatever shape or way that may be attempted, it cannot receive our sanction, simply because this court has no jurisdiction of such a claim.
The motion for leave to file the intervening petition of Johnson Montgomery is overruled.