Drake, Ch. J.,
delivered the opinion of the court:
This suit is for the recovery of the value of one hundred bales of cotton alleged to have been captured by the military forces of the United States, in April, 1863, and sold by an agent of the Treasury Department and the proceeds paid into the Treasury of the United States. .
It differs, however, from the ordinary suits instituted here for the proceeds of captured cotton, in several important particulars, as follows: 1. It was instituted on the 30th of July, 1872, nearly four years after the expiration of the period within which the Act March 12th, 1863, required suits for the proceeds of captured property to be brought. 2. It was brought *484 to recover, not the proceeds of the cotton which went into the Treasury, as such, but the value of the cotton when and where it was captured, and assumes that the proceeds paid into the Treasury were measure of that value. 3. It expressly renounces any right of action under the Act March 12th, 1863, and assigns as a ground of such renunciation that the claimant was a rebel, and had no right to sue here for the proceeds of his cotton until he was amnestied by the proclamation of December 25, 1868, when the time for bringing such suit had expired. 4. It asserts that though no right of action existed in favor of any loyal citizen for the proceeds of his property, taken by the Union forces and sold, otherwise than such right of action accrued under and through the Act March 12th, 1863, yet that in him, an acknowledged rebel, there is a right to sue the United States for the value of his property captured during the war; and that this right rests upon an implied contract on the part of the United States to pay him what his property was reasonably worth at the time and place of its capture.
To the claimant’s petition the defendants plead that t-hiá court has no jurisdiction of the action, because the claimant could only have and maintain an action under the Act March 12th, 1863; because an action could only be instituted within two years after the suppression of the rebellion; and because this action was not .instituted within that time, but long after, to wit, on the 30th day of July, 1872.
To this plea the claimant files a general demurrer; in support of which he takes the position that he is not restricted to the Act March 12th, 1863, for a remedy, but that the Government is bound by an implied contract to pay him the value of his cotton, and that a suit on that implied contract may he maintained here, under the general jurisdiction of the court of suits against the Government on contracts, expressed or im plied. This question has not heretofore been raised in this court. We have given it careful attention, and will state our views of it.
In Klein's Case, (13 Wallace, 128,) the Supreme Court considered the rights of property as affected by the war of the rebellion, in the hands of citizens engaged in hostilities against the United ’States, and held that property in the insurgent States might be distributed into four classes: 1. That which belonged to the hostile organizations, or was employed in actual hostilities on land; 2. That which at sea became lawful subject of *485 capture and prize; 3. That which became subject of confiscation ; and 4. A peculiar description, known only to the recent war, called “ captured and abandoned property."
Property of the first of those descriptions, the court held, vested in the United States by the mere fact of capture wherever taken. As to all the other descriptions it was decided that the property was not changed by capture; but as to the second and third, that a judicial proceeding and condemnation were necessary to change the title; and as to the fourth, that the proceeds went into the Treasury without a change of ownership; and that in reference thereto the Government constituted itself the trustee for those who by the terms of the Abandoned or captured property Act were declared entitled to the proceeds of the abandoned and captured property, and for those whom the Government should thereafter recognize as entitled.
This is a succinct statement of the leading positions in that case. So far as they relate to suits for the recovery of the proceeds of abandoned or captured property it .is observable that the Government is held to be a trustee, not for all indiscriminately whose property was captured and sold and passed into the Treasury in money, but primarily for those only who were by the terms of that act declared entitled to the proceeds of their abandoned or captured property; and, secondarily, for those whom the Government should thereafter recognize as entitled. The descriptions of persons might be many or few, as might be the actual number, but whether many or few, it is settled by the court of last resort that none can reclaim the proceeds of their property from the Treasury but those specified in that act, or who should thereafter be specified in some other act of Congress. And that court characterized that act as a'pledge on the part of the Government to those embraced in its provisions.
As we have held in several cases at the present term, the institution of a suit under the Abandoned or captured property Act, within two years after the suppression of the rebellion, is indispensable to the jurisdiction of this court in any case. The law does not authorize any relaxation of that requirement for any reason whatever. The legislature has not yet made, any provision authorizing parties-to sue here after, the expiration of that time, and we have no authority, on any ground whatever, to entertain any suit of this kind brought out of the time pre *486 scribed by the existing law. For this claimant to seek to avoid that barrier, and to set up a right to recover on some other basis, because during the period within which he might have sued for the proceeds of his property he was disabled to sue by reason of his having been a rebel, and was not amnestied until after that period had expired, is simply to take advantage of his own wrong in being a rebel, and of his own neglect to avail himself of amnesty that was proffered and fully within his reach long before that period expired.
On no ground do we think the petition sustainable; and we therefore overrule the demurrer and dismiss the petition for want of jurisdiction in this court to entertain it.