Drake, Oh. J.,
delivered the opinion of the court:
On the 31st of March, 1868, the claimant filed in this court her petition under the Captured and abandoned property Act, averring that she owned and possessed five bales of cotton, which were stored in her own gin-house, on the plantation owned and cultivated by her, situated on Mount’s Bayou, Issaquena County, Mississippi, and that said cotton was taken from her by United States forces in August, 1863, and turned over to an agent of the Treasury Department, and sold, and the proceeds paid into the Treasury; and for the amount of the proceeds she prays judgment.
On the 6th of January, 1874, after depositions had been taken to prove the claimant’s case, but which tended to prove the ownership of the cotton in Elijah Mount, her husband, a motion was filed by her counsel for leave to amend the petition by alleging that Elijah Mount was the owner thereof; or, in other words, to make him the claimant instead of his wife. This motion is accompanied with a suggestion of the death of Elijah Mount, and a prayer to enter the appearance of his administrator as claimant instead of the widow.
When this motion was filed, more than five years had elapsed since the expiration of the period of time limited in the act of March 12,1863, for preferring in this court claims of this description.
The question presented by the motion, then, is, whether, after the expiration of that limited time, this court may remove the name of a claimant from the record, and substitute that of another person, having an adverse claim to the proceeds of the cotton in question ; which would, in effect, be the same as to authorize a man to file a petition in this court under that act, notwithstanding the expiration of the time allowed for bringing such suits.
Wherever the introduction of new parties as claimants has been found necessary to secure proceeds of captured property to a claimant who sued in time, this court has manifested all needed liberality. In the Cowan Case, (5 C. Cls. E., 106,) where *511 a suit was brought in the name of a guardian of infant heirs, leave was given to make the administrator of their ancestor a party. In that case the court used the following language: “ It seems to us that the object of the statute was substantially attained if the real parties in interest notified the Government, by suit brought within the proper time, of their interest in these particular pro seeds in the Treasury, and that it is of little consequence whether the suit was commenced by the right or the wrong representative, so long as it was brought for the party really entitled to receive the net proceeds, and so long as the interest represented remains unchanged. This latter qualification is probably the test of our power to grant relief. If the administrator does, in fact, represent other parties, it in effect will be bringing in new owners, who are barred by the statute.” In Payan’s Case, (7 C. Cls. R., 400,) where one supposing himself entitled to sue as assignee for the proceeds of captured property, found before trial that the right of action was not legally in him, he obtained leave, after the expiration of the time for suing, to substitute the assignor as the party, and to prosecute the suit in his name for the use of the assignee. In Green's Case, (7 C. Cls. R., 496,) where a married woman was the claimant, and it was found that, by the law of South Carolina, whatever right she had to the proceeds had vested in her husband absolutely, her husband was joined as claimant after the expiration of the time for bringing suit. In Kidd’s Case, (8 C. Cls. R., 259,) where the suit was brought in the name of a guardian of an infant, an amendment of the petition was allowed, so as to permit the guardian to appear also in the character of administrator of the infant’s mother; and when, after the time for bringing suit had expired, an application was made for leave to make further amendment, so as to allow him to appear also in the character of administrator of the infant’s father, the court considered such an amendment admissible, saying: “Ro good reason now occurs to us why a single party may not sue in all the capacities in which it is necessary for him to appear, in order to reach a fund which the law intends shall go to the rightful claimant.”
In all these cases, it will bo observed that the court proceeded upon the idea that a claim preferred in due time ought not to be defeated and lost because of a defect of parties, and that new parties might be introduced to help a recovery in favor of *512 the claimant whose suit was timely brought. This is as far as we have felt authorized to go. .When attempts were made to iuduce us to go further, they failed.
In Lamar’s Case (7 C. Cls. R., 603) the court refused to allow an amendment of a petition which would introduce, after the lapse of two years after the suppression of the rebellion, new claims based on the capture of property. In Kidd’s Case (supra) the attempt was made, after the expiration of the time for suing, to increase the quantity of cotton alleged to have been seized-and sold. The court held that it had no jurisdiction to allow such an increase, any more than to allow a new suit for such proceeds to be then brought. . In Hill’s Case (8 C. Cls. R., 361) an effort was made by one Montgomery to intervene, in order to assert and establish his right and title to the proceeds of cotton claimed by Hill. The court refused to permit him to intervene, because he had not, within the time prescribed by law, brought suit for the proceeds, and therefore had no standing in court as a claimant. Finally, in Haycraft’s Case, (8 C. Cls. R., 483,) we said: “The institution of a suit under the Abandoned and captured property Act, within two years after the suppression of the rebellion, is indispensable to the jurisdiction of the court in any case. The law does not authorize any relaxation of that requirement for any re ason whatever. The legislature has not yet made any provision authorizing parties to sue here after the expiration of that time, and we have no authority, on any ground whatever, to entertain any suit of this kind brought out of the time prescribed by the existing law.’; These views were sustained in the same case by the Supreme Court, (22 Wall., p. 81.)
In the light of these repeated rulings, the motion in this case cannot be allowed. It is simply an attempt to secure a standing in court for one who did not prefer his claim within the jurisdictional period of two years after the suppression of the rebellion, and who could not now institute a suit here for the proceeds involved in this case. That the party sought to be introduced was the husband of the claimant, and that she desires him to take her place, does not materially distinguish the case from that of Kill above cited; for the fact remains, that the claim intended to be brought before us is one which was not preferred in this court within the time prescribed by law. It is necessarily distinct from and adverse to that which the wife *513 preferred in her petition, else there were no necessity for removing her from the record. If the cotton was hers, but to enable her to recover the proceeds there must be a joinder of the husband, then such joinder would probably have been allowed if, asked for, as in Green’s Case, above cited. Such, however, is not the case. The entrance of the husband here is to be the exit of the wife; and so we should be called upon to render judgment in favor of one who never preferred a claim here until more than five years after the time allowed by law for doing so had expired. We have no jurisdiction to allow such a proceeding ; and the motion of the claimant must therefore be overruled.