Drake, Cb. J.,
delivered the opinion of the court:
From documents submitted to the court by the attorneys of the claimant, in support of the motion hereinafter referred to, it appears that John H. Thomas was the husband of the claimant 5 that he died on the 20th of May, 1865, leaving a will, which was admitted to probate in Chambers County, Alabama, June 26, 1865; that Mary W. Thomas was therein appointed executrix; that on the 24th of October, 1865, a duly-authenticated copy of the will and its probate was admitted to record in Yazoo County, Mississippi, and that the chancery court there granted letters testamentary of that date to Mary W. Thomas.
While holding the position of executrix she instituted this suit in her individual capacity, withyi the time limited by the act of March 12, 1863, claiming the proceeds of 112 bales of cotton, of which she alleged she was the owner and in possession at her residence on her p'autation on Toketa Lake, in Yazoo County, Mississippi, where the same were seized and taken in July, 1863, by troops of the United States.
From the time of the filing of her petition, August 19, 1868, till April 1,1875, the case stood in this court with nothing to indicate that any other person than Mary W. Thomas claimed any interest in or any relation to said cotton or its proceeds.
On the last-named day the claimant’s attorneys filed a motion suggesting her death, (which took place March 30, 1874,) and asking leave, first, to enter the appearance in the case of W. Calvin Wells, her administrator •, and, secondly, to enter also the appearance of the said Wells as administrator de bonis non, with the will annexed, of John H. Thomas, on the ground that it appears by the evidence that the cotton in question was the property of said John H. Thomas.
The first part of the motion is allowable as a matter of course, if the representative character of Wells be properly shown, as we find it to be.
As to the second part of the motion, it presents, probably, the first instance in any court where it was sought, in the absence of express statutory authority, (such, for instance, as that in the Hot Springs Cases in this court,) to join as plaintiffs two parties adverse to each other, and having, as against the defendant, no common ground of recovery. To do so would be an anomaly, inconsistent with all recognized rules of pleading *724 and all established principles of law. And the anomaly is the more striking when it is attempted, as here, to make a double plaintiff of one who is the administrator of two estates, claiming in opposition to each other. It needs no argument, no array of authorities, to show the incongruity and inadmissibility of such a proceeding.
It is hardly necessary to say that Greene's Case (7 C. Cls. R., p. 496) aff'ordsno sanction forit. There, the husband wasjoined with the wife, as claimant, in aid of her recovery, and because he was in no sense an adverse claimant. The title through which he could recover, if at all, was that of the wife, devolved upon him by mere operation of law, and without her title neither could recover. Here the case is wholly different. If Mary W. Thomas had title, her husband had none; if he had title, she had none. And so, when a trial should be had, one or the other would of necessity be defeated; a joint recovery by both being impossible.
So much of the motion as asks to make Mary W. Thomas’s administrator a party to the suit as her representative is allowed. So much of it as asks to make John H. Thomas’s administrator a party is denied.
Richardson, J., was absent when this decision was announced.