DkA-KB, Ch. J.,
delivered the opinion of the court.
This case was argued at great length on points which we do not feel called upon to decide, because, however we might rule on them, the judgment must be controlled by other considerations.
The petition having been filed nearly five years after the suppression of the rebellion, the case is not one tinder the Abandoned and captured property Act (12 Stat. L., 820).
The case rests wholly on the position that, an agent of the Treasury Department having taken the cotton of the claimant, Mary Ann Gooch, and the cotton having been converted by another agent of the department into money, which is in the Treasury, an implied promise arose on the part of the United States to pay her the proceeds of the cotton.
There is no foundation for any such implication. The cotton was taken in Mississippi, one of the insurrectionary States, while a state of war still existed there. (Lamar v. Browne, 92 U. S., 187.) In the State in which it was taken, that state of war continued until April 2, 1866. (The Protector, 12 Wall., 702.) Until that date Mississippi was, in law, enemy territory, and all residents thereof were enemies, and private property found there was enemy property and a legitimate subject of capture. (United States v. Anderson, 2 Wall., 404; United States v. Pad- *288 elford, 9 Wall., 540; Haycraft v. United States, 22 Wall., 81; Lamar v. Browne, 92 U. S., 187.) No one whose property was taken there while the state of war existed could, without the express authority of an act of Congress, sue the United States on account of its taking. That authority was given by the abandoned and captured property act, in favor of such parties only as came within its terms and should prefer their claims in this court within two years- after the suppression of the rebellion. Aside from that act, no one could maintain an action against the government on account of property seized or taken by any of its officers or agents in the insurrectionary district (Haycraft’s Case, 8 C. Cls. R., 483, affirmed by the Supreme Court, 22 Wall., 81; Green’s Case, 10 C. Cls. R., 466), or against the officer or agent who seized or took the property, or to whom he delivered it. (Lamar v. Browne, 92 U. S., 187.)
These repeated decisions of this court and the Supreme Court leave not the least ground for this claim to rest upon. We therefore deem it needless to notice any other point in the case; but we have, purposely so framed the finding of facts as to leave the way open for the claimants to urge, in the appellate court, if they see fit to go there, the positions which were taken on their behalf at the trial here, and which we decline to pass upon.
The claimant’s petition is dismissed.