OPINION.
Richardson, J.,
delivered the opinion of the court:
- The vicissitudes of this case from its commencement, nearly fifteen years ago, to its close at this time are notable.
The original petition was filed August 19, 1868, on the last day allowed for filing claims under the Abandoned or Captured Property Act, March 12, 1863 (12 Stat. L., 820), Hon. Caleb Cush *685 ing (since deceased) being of counsel for tbe claimant. It alleged that Mary W. Thomas, the claimant, in the month of July, 1863, was the owner and in possession of 112 bales of cotton at her residence on her plantation on Poketa Lake, in Mississippi, which was then and there seized by officers of the United States, sold, and the proceeds paid into the Treasury.
On the 5th of July, 187,3, the case, with many others, was referred to Mr. E. Eveleth (since deceased) as a commissioner for investigation and report.
On the 2d of March, 1875, Mr. Eveleth made his report, and in relation to this case he said:
I find the facta to be that John H. Thomas, the hushaud of the claimant, ■was, in July, 1863, the owner of 112 bales of cotton which he had in his possession on his plantation. * * * During that month the said cotton was seized and taken to 'Vicksburg by officers and soldiers of the United States under the command of General Herran. At Vicksburg the cotton became intermingled and lost its identity. * * * I have to call the attention of the court to the fact that letters of administration have not been presented in this case. Upon what principle the widow can maintain a suit for the proceeds of this cotton I am not advised; but the estate of the deceased is entitled to recover the proceeds of 112 bales of cotton out of the first fund at the average rate per bale, that is, 112 bales of cotton at $192.45 per bale, $21,554.04.
On the 1st of April, 1875, a motion was made by Judge Casey, who appeared as attorney in the case, setting out that John H. Thomas, husband of the claimant, died on the 20th of May, 1865, after the alleged seizure of the cotton in question, leaving a will j that the claimant was appointed executrix thereof; that she died March 30, 1877, and that Calvin Wells had been appointed administrator of her estate, and also administrator de bonis non, with will annexed, of the estate of said John H. Thomas, and asking that said Wells might be admitted to prosecute the suit as administrator of- Mary W. Thomas and also as administrator de bonis non, with the will annexed, of John H. Thomas. Subsequently the motion was argued, and the first part, admitting the administrator of Mary W. Thomas, was allowed, and the last part overruled. (11 C. Cls. R., 722.)
On the 24th of May, 1876, the report of Commissioner Eveleth was affirmed without the attention of the court having been called to this particular case by either party.
Thereafter a motion was made to set aside the previous order of the court admitting the administrator of Mrs. Thomas and *686 ■overruling the motion to admit the administrator of Mr. Thomas, and also praying for leave, 1st, to amend the petition and record so as to make them stand Mary W. Thomas, executrix of John H. Thomas; 2d, to permit the death of Mary W. Thomas, executrix of John H. Thomas, to be suggested; and 3d, to substitute Calvin Wells, administrator de bonis non, with the will annexed, of said John H., deceased, as claimant on the record.
After argument by Judge Casey (since deceased) the motion was overruled by a majorty of the court, two judges dissenting. {12 C. Cls. R., 273.) Neither in this motion nor in the previous one overruled was there any request for leave to amend the original petition so as to declare that the cotton belonged to John H. Thomas at the time of the alleged seizure, but the original allegations that it belonged to Mary W. Thomas, and was on her plantation, were left unchanged.
In April, 1880, a motion was made by Messrs. Bartley & Harris to amend the petition so as to read that the original claimant, Mary W. Thomas, sued as executrix of the will of John H. Thomas, deceased, and that he was the owner and in possession of the 112 bales of cotton in question at his residence on Ms plantation in Mississippi. This motion was elaborately argued by counsel and thoroughly considered by the court, and was finally allowed by a majority of the court. (15 C. Cls. R., 335.)
An amended petition was then filed in accordance with the terms of the motion and the leave of the court. The case then stood as an action.by the executrix of the will of John H. Thomas, deceased, suing to recover for the proceeds of 112 bales of cotton seized in 1865 on his plantation, The executrix, however, having died, Calvin Wells, the adminstrator de ■bonis non, with the will annexed, of his esate, was admitted to prosecute the suit.
On the 20th of May, 1880, a motion was filed on behalf of the claimant for entry of judgment on the report of Commissioner Eveleth for $21,554.04, and the court ordered that the motion be allowed unless the defendants file exceptions to the report of the commissioner and move for a new trial on or before May 31, 1880. On the latter day exceptions were filed and the case was remanded to the general docket for further proceedings and trial, without regard to the report of the commissioner.
*687 On the 23d of May, 1882, the ease was dismissed on motion of the defendants for want of prosecution by the claimant.
On the 11th of December, 1882, this dismissal was set aside on the motion and affidavit of Mr. Harris, one of the counsel, whose long and severe illness had prevented him from attending to the case, and it was ordered that all testimony on behalf of the claimant be closed prior to March 1,1883, and that the case be finally disposed of during the present term of the court.
On the 23d of May the case was submitted by the defendants, with no appearance for the claimant.
After the case had been remanded to the general docket for trial, the defendants took additional testimony, by which it was proved that the 112 bales of cotton in question never fell into the hands of the defendants’ officers at all, but had been burned by the Confederates before the Union forces reached the place. The fact is so set out in the findings, and that disposes of the claim. This controversy, therefore, must now be brought to an end by the entry of judgment dismissing the petition on the merits; which is ordered.