Nott, J.,
delivered the opinion of the court:
In tlie recent case of Duran (ante p. 353), it was held that the proper Indian defendant might be brought in after the jurisdictional period had expired for bringing actions under the Indian depredation act 1891. The present case presents the converse of the question there considered; it is whether a change and substitution can be made in the party plaintiff.
The facts which present this question are these: The children of a deceased owner of property taken by Indians instituted the suit within due time. After they had brought their action and within the jurisdictional period for bringing suits an administrator was appointed of the estate of their deceased father. Three days after the period for bringing an action in his own name had expired he was substituted as party plaintiff in this case. There was'no antagonism between him and the children of his decedent, they going out and he coming in, to the end that the suit might be prosecuted by the proper party.
The counsel for the defendants contend that under the law of Texas, the domicile of the owner of the property, the children could not maintain an action concerning it. The court is satisfied that this position is well taken, but at the same time is of the opinion that in furtherance of justice the change and substitution of the proper for the improper party may be and should be allowed.
■In numerous cases under the abandoned and captured property act such changes of party were allowed after the jurisdictional period for bringing such suits had expired, provided always that the cause of action was not misdescribed in the original petition and that the party substituted possessed some legal relation concerning the cause of action with the party who in due time had brought the suit. Thus the administrator was substituted for the distributees (Cowan Infant’s Case, 5 C. Cls. R., 107); the executor for the legatees (Thomas Case, 15 id., 335); the assignee for the bankrupt (Payan’s Case, 7 id., 400); the husband for the wife (Green’s Case, ibid., 496). In one of the English cases cited in Green the Court of Exchequer allowed the writ and all subsequent proceedings to be amended by adding the name of the official assignee in bankruptcy as another plaintiff, because “ it appeared that, if the amendment were not made, the statute of limitations would be a bar to the *435 recovery of the debt for which the action was brought.” (Brown v. Fullerton, 13 Mees. & Wels., 556.) And in another English case, also cited in Green, the same court and for the same reason allowed, the plaintiffs to amend the writ by adding as plaintiffs the names of eight new parties, these new parties being in fact copartners in trade with those in whose name the suit originally stood. (Carne v. Malins, 6 L. & Eq., 568.)
Such was the uniform practice under the abandoned and captured property act; and in one case where the point was carried to the Supreme Court that tribunal impliedly upheld the practice and awarded a judgment in favor of such a substituted claimant. (Elgee Cotton Cases; see 15 C. Cls. R., 349, where the history of the cases is given.)
With this judicial record existing, when Congress inserted a similar jurisdictional period in the act of 1891, we must hold that the purpose of the statute was to bring all claims before the court within a defined period, but that it was not the purpose of Congress that a meritorious cause of action should fail for a technical defect of parties where the error came from a mistake of law and not from a misrepresentation of fact.
The amity of the Indians is a subject of contention; but it was determined in the recent case of Gamel. The defendants also contend that the cause of action is not sufficiently proved under the decisions in Stone (29 C. Cls. R., 111) and the recent case of Gossett (ante, p. 325). The court has no intention to depart from the principle laid down in those cases, but is of the opinion that the principal witness here, though interested in the event of the suit, is corroborated by the other witnesses sufficiently to maintain the case.
The judgment of the court is that the claimants recover the sum of $650.