Nott, Ch. J.,
delivered the opinion of the court:
This is a motion on the part of the defendants to dismiss the suit of an administrator upon the ground that the orphans’ •court of the District of Columbia was without jurisdiction to issue letters of administration.
The claimant replies by a statement of facts which may be reduced to this brief recital: The- decedent left California non animo revertendi; the city of Washington was the intended terminus of his journey; he brought with him all of his goods and personal property, and he remained here until he died.
A man’s home may be a hotel, and his residence in a new place exceedingly brief, and he may die, as did the decedent, in a public hospital, and still may have acquired a new domicile. It is true that “no man shall be without a domicile,” and that one is not lost until one is acquired; and that there must be a concurrence of act and intent — the change must be animo et facto. “ Residence, combined with intention, constitutes domicile.” But the character of the residence is of no importance; and whether the residence be long or short is immaterial. (8 Me., 203; 2 Kent, 430, 431, note.) As was said in Moore v. Darrall (4 Hag. Eccl., 346), “Domicile does not depend upon residence alone, but on a consideration of all the circumstances of each case.”
The difficulty in these cases is generally to determine whether there was or was not the animus revertendi. If it be clearly established that there was none, it requires very little evidence to uphold the inference that there was in his new residence the animus manendi. When a European emigrant departs from his own .country, taking with him his wife and children and goods and chattels with the expressed intent never to return, and stops in some American city with no immediate expectation of going farther, and dies, no one will doubt that for the jurisdictional purposes of administration and distribution he acquired what has been called a “fixed present domicile,” though there may have been a floating intention of some day going elsewhere. The decedent’s case as above stated was substantially that of the emigrant, though the statement is not so decisive. If he had left California with the expressed intent of returning, his stay in Washington would count for *429 nothing. If he had left California with no indication that he intended to abandon his domicile, his brief residence and death in Washington would not overthrow the natural presumption, that he intended to return. • If the terminus of his journey had been Richmond or Savannah, it would have to be held that, he had died on the way, that he had acquired no domicile in Washington and had lost none in California.
From the multitude of decisions on this subject, we deduce the following conclusions as expressive of the generally accepted-judicial doctrine concerning a change of domicile.
Where a man leaves his domicile with an intent to return and remains abroad and does po act legally inconsistent with the intent, there is no change of domicile, though he may-remain abroad many years and never return. Where a man leaves his domicile with no expressed intent to return, or not-to return, and indeed does not himself know whether he will or will not, his domicile nevertheless continues until his acts, and declarations indicate his intent to acquire a new one, or are inconsistent with an intent to return. But where a man leaves his domicile with no intent to return and with the-avowed intent of finding a residence in some other place, it will require little evidence to establish the fact of his having-chosen a new domicile; and neither the character of the residence nor the brevity of its duration will necessarily refute the presumption of a change. The brevity of residence in a. new place, may be used as evidence to refute the idea of an intent to remain, provided that the duration was cut short by the voluntary act of the party; but a termination of residence-by death indicates nothing. When a man lives in a place until he dies and has no home or residence or habitation or family elsewhere, and has expressed no intent to reside elsewhere, it is safe to say that his domicile was the place of his. death.
But the jurisdiction of a probate court must appear on the-record, and the facts on which it depends be expressly set. forth. Jurisdiction can not be inferred argumentatively or-liolpen out by evidence extrinsic to the record. (Brown v. Keene, 8 Peters, 112). On looking into the record here we-find that the facts relied upon in the statement above made by-counsel do not appear there.
*430 Before the probate court could acquire and exercise jurisdiction it was necessary that it should appear upon the record of the case that there was either domicile or assets within the District of Columbia. The petition to the orphans’ court, praying the appointment of an administrator, set forth that “David T. Tryon, late a citizen of the United States and a resident of Sacramento, California, died in the city of Washington, District of Columbia, at Providence Hospital, on the 31st day of December, 1883, aged fifty-three years, seized and possessed of personal property to the amount of five thousand dollars, to wit, drafts of the First National Bank, Santa Fe, New Mexico, upon the First National Bank of New York City.”
By a supplemental petition the fact appeared that “at the time of filing the petition for letters of administration, said drafts were on deposit in the National Metropolitan Bank of Washington City.”
It is therefore apparent that the decedent was at one time at .least “a resident of Sacramento, California,” and there is no allegation whatever of a change of domicile or an averment that he had acquired one in the District of Columbia. The fact evidently relied upon to confer jurisdiction was that he died in the District of Columbia, seized and possessed of drafts drawn by a bank in Santa Fe upon a bank in New York.
There were, then, no assets in the District of Columbia. As a matter of fact, the money which constituted the estate had to be brought into the District from another jurisdiction for administration and distribution. As a matter of law, it is well settled that in such a case ancillary administration must be in the place where the debtor resides. The authorities are set forth in the exhaustive argument upon this point of the counsel for the defendants.
Since the administrator brought his suit here he has been appointed administrator by a probate court in California and he seeks to maintain the action as such. The defendants object on the ground that the claimant is as much two parties as if he were two men, and that his appointment as administrator by a court of the District of Columbia was absolutely void, and the bringing of the suit absolutely without authority. None of these positions is the court disposed to question.
*431 But this is not a suit where a statutory bar has attached. There is a provision in the Indian depredation act fixing a jurisdictional period within which all suits must be brought. There was a similar provision in the abandoned and captured property act. Under that statute the court always allowed the substitution of the right party for the wrong party fo save a meritorious cause of action, such as substituting the husband for the wife, the executor for the guardian, the assignor for the assignee, etc. (Davenport Case, 31 C. Cls. R., 430.)
It is objected here that the administrator being no administrator in law represented nobody. From a technical point of view this may be conceded, but as a matter of fact the individual who instituted the suit intended to represent then, and does represent now, the real parties in interest, and the right of action, which is their right of action, should not be allowed to fail because of an abstract theory of law. The power of the court to make this amendment, we think, can not be doubted since the decision of the Supreme Court in the case of Chapman v. Barney (129 U. S., 677), where it was held that “amendments are discretionary with the court below and are not re viewable by this court; and this rule applies to an amendment substituting a new sole plaintiff for the sole original plaintiff.”
Counsel for the defendants also relies upon a decision of this court in the case of Seehorn, administrator of Cox (not reported), where a suit erroneously had been brought by the administrator of an estate of a man who had not died. But there the real party in interest, the living man, had never been represented by a party coming into court on his behalf. He was alive and responsible and should have brought his suit in due time, and having made no attempt to do so was not entitled to escape the consequences of his own laches by taking advantage of the unauthorized suit of the administrator.
The order of the court is that the motion of the defendants be overruled and that the suit proceed, with leave to the claimant to prosecute as administrator on his filing an amended petition and showing that he has been duly appointed administrator by the proper probate court of the place of the decedents’s domicile.