Per Curiam :
A petition was filed on March 2, 1892, by William J. Asians alleging a depredation by Comanche Indians on or about the 19th day of August, 1865, and the taking of 35 mares and 1 stallion, of which he “was the owner and in possession ” at the time. It is further alleged in the petition that “ claimant is the owner of this claim and the only person interested therein.” Plaintiff’s deposition was taken in November, 1900, and testifying for himself he stated that he was the owner of said stock at the time it was taken, that it was in his possession at that time, and that he had not received pay for the same. On cross-examination he stated that he saw the Indians when they drove the stock off, that his brother, Frank M. Askins, was guarding it at the time, and that he expected to prove his claim by Chas. Askins and Frank Aslans (who were brothers of plaintiff), and he names another witness; that he is the sole owner of the claim and the only person interested in it, and that he acquired the property by gift from his father, who made a division of his property about three years before his death, and that he got this property as his share; and that is the way he came to be the owner of the same at the time when the loss occurred. At the time of the depredation alleged plaintiff was about 10 years old. The time of the death of the father, *363 Chas. M. Askins, is not definitely stated, but the weight of the testimony seems to be that he died after the date of the alleged depredation. The testimony of the daughter of Chas. M. Askins and sister of the plaintiff was taken in 1912, and she was asked whether the plaintiff, who had brought suit for the property claimed, owned the same, and she stated positively that he did not, and that the property belonging to her father, Chas. M. Askins. She says that she knows, and states positively, that the property did not belong to William J. Askins, and that her father, had not divided up his property; and when asked when she first learned that her brother had filed a claim for the loss replies, without fixing the date, that a friend, Mrs. Hinds, had visited them and given her some papers which showed that Mrs. Hinds was wanted as a witness in the case.
The testimony of Francis M. Askins was taken in 1914, and he testifies to the depredation, and further that the Indians at the time of said depredation got horses belonging to the estate of Chas M. Askins, his father, or his heirs — namely, 35 mares and 1 stallion.
At the time of the taking of the testimony of the plaintiff the question of citizenship of the claimant was jurisdictional, and in plaintiff’s testimony it was shown that he was a resident and citizen of the United States, and no question was asked relative to his father’s citizenship. There is other testimony in the case going to show that the property did not belong to William J. Askins, but belonged to his father, Charles M. Askins, or his estate.
The case was submitted to the court upon the original petition and proof, and it appearing that the claimant, William J. Askins, had also died before the case was submitted, the court remanded the same with a suggestion of the death of claimant, and made no further order. Thereupon a motion was made that the case be revived in the name of Francis M. Askins, as administrator of the said Charles M. Askins, father of the plaintiff, and the case is now before the court upon this latter motion. The question is, therefore, whether the petition can now be amended by the substitution of the administrator of the father’s estate, the theory being that *364 the original claimant’s interest in the property alleged to have been taken was not that of an owner of it, as alleged in his petition and testified to by him, but in fact belonged to the father or his estate.
The act of March 3, 1891, known as the Indian depredation act, 26 Stat. Z., 851, gave to the Court of Claims jurisdiction to inquire into and finally adjudicate, in the manner prescribed in the act, all claims for depredations by Indians, included within the provisions of said act. It provided that all claims existing at the time of the taking effect of the act “ shall be presented to the court by petition, as hereinafter provided, within three years after the passage thereof, or shall be thereafter forever barred.” By section 3 it is provided “that all claims shall be presented to the court by petition setting forth * * *. the facts upon which such claims are based,” which “ shall be verified by the affidavit of the claimant, his agent, administrator, or attorney, and shall be filed with the clerk of said court,” and that the petition “ shall set forth the full name and residence of the claimant, the damages sought to be recovered, praying the court for a judgment upon the facts and the law”; and by section 9 that the payment of a judgment rendered by the court “shall be made payable and deliverable only to the claimant or his lawful heirs, executors or administrators or transferee under administrative proceedings,” except so much thereof as shall be allowed the claimant’s attorneys as attorneys’ fees.
There can be no question of the bar of the statute operating upon any petition filed after three years from the approval of the act or that the petition of the administrator of Charles M. Askins is barred unless the amendment herein sought can be made. The period fixed by the statute is jurisdictional. The effect of the proposed amendment will be to allow the case to proceed in the name of the administrator of Charles M. Askins in lieu of the name of the present plaintiff or his administrator. In other words, we are asked to strike out the name of William J. Askins as claimant and substitute the name of the administrator of his father. William J. Askins brought the suit in his own name, alleged that *365 the property belonged to him, and averred that no one else was interested in the claim, and testified in support of these aver-ments ; and, further, that his father had given him the identical property named in the petition in a division made between the children of Charles M. Askins. There is nothing in his petition or proof to lead to any other conclusion than that he brought the suit in his own right, claiming the property as his own. He goes to the extent of stating that he expects to prove the claim by his brothers. At the time of the taking of the testimony of a brother and sister it seems probable that the said William J. Askins was dead.
The right of amendment in this court has been liberally construed, but we have found no case in which it had been held that the name of a sole claimant can be stricken out and that of another claimant in a different right can be substituted in lieu thereof. The general rule is that an amendment radically changing the party claimant by substituting another is not allowable. In suits brought under the abandoned or captured property act, amendments were allowed in certain cases, which may tend to throw some light upon the question before us. There is, however, to be noted a distinction between that act and the Indian depredation act in this, that under the former act parties were claiming the proceeds of property covered into the Treasury — there was a distinct fund in which they claimed an interest — and the court proceeded upon equitable lines. In the Indian depredation act it is provided in terms that a claimant must file his petition stating the facts of his claim within three years from the approval of the act as well as other matters we have stated above.
In Cowan’s case, 5 C. Cls., 106,108, a question arose under the captured or abandoned property act in a suit brought in the name of infants by their guardians to recover the net proceeds of captured cotton which had belonged to their ancestor. Later a motion was allowed to join the administrator of the decedent as a claimant. The court said: “If the administrator does, in fact, represent other parties, it, in effect, will be bringing in new owners who are barred by the statute. This we do not propose to do in granting the *366 relief; * * * and they must allege that the infant claimants are the only parties in interest who will be benefited by a recovery or who will receive the net proceeds which may be recovered.” To the same effect also are Kidd's case, 8 C. Cls., 259; Hill's case, Ib., 361; Bellocque's case, Ib.,493.
In Mrs. Mount's case, 11 C. Cls., 509, 511, referring to said cases it .is said: “ It will be observed that the court proceeded upon the idea that a claim referred in due time ought not to be defeated and lost because of a defect of parties, and that new parties might be introduced to help a recovery in favor of the claimant whose suit was timely brought. This is as far as we have felt authorized to go.” In that case suit was brought by Mrs. Mount, and depositions were taken to prove her claim, but they tended to prove the ownership of the cotton in her husband, and a motion was filed for leave to amend the petition by alleging that the husband was the owner of the property; or, in other words, to make him the claimant instead of his wife. The motion was accompanied with a suggestion of the death of the husband and a prayer to enter the appearance of his administrator as claimant instead of the widow. This motion was filed after the bar of the statute had fallen, and the question was stated to be whether the court could remove the name of a claimant from the record and substitute that of another person having an adverse claim to the proceeds of the cotton in question. The court denied the motion, saying: “It is simply an attempt to secure a standing in court for one who did not prefer his claim within the jurisdictional period * * * and who could not now institute a suit here for the proceeds involved in this cause; * * * and so we should be called upon to render judgment in favor of one who never preferred a claim here until more than five years after the time allowed by law for doing so had expired. We have no jurisdiction to allow such a proceeding.”
In the Thomas case, 12 C. Cls., 273, an attempt was made to substitute the administrator of the husband for that of the wife who had brought the original suit. The same question had been raised in the same case, 11 C. Cls., 722, by motion, which was overruled; and the question was renewed in *367 the same case again, 15 C. Cls., 335, wherein one of the judges reviews the authorities, and there was a dissenting opinion, and still another opinion by the judge writing the first opinion, in which he concludes to express no opinion on the question, which was then for the third time the subject of argument and decision. That decision can not therefore be regarded as decisive.
In Hamner's case, 13 C. Cls., 7, it was said that where a party sets up his private claim to th^ proceeds of captured property that belonged to a deceased person it is a fraud either upon the estate of the deceased owner or upon the defendants, who are entitled to have the loyalty of the true owner alleged and proven. One person had filed a petition and others were admitted as coclaimants. Subsequently the administrator of the ancestor of these claimants applied to be admitted as claimant as such administrator, and. the right to do so was denied.
From the foregoing cases it appears that the court has not allowed the substitution of one party plaintiff for another party plaintiff who filed his petition in a different right from that under which the later claimant seeks to prosecute.
In Davenport's case, 31 C. Cls., 430, a petition had been filed under the Indian depredation act by all of the heirs of the deceased owner of the property taken. After they had brought their action, and within the jurisdictional period for bringing suits, an administrator was appointed of the estate of their deceased father. Three days after the period for bringing an action in his own name had expired he was substituted as party plaintiff in the case. There was no antagonism between him and the children , of his decedent, and the case was allowed to proceed to judgment in the name of the administrator, the reason given being that it was in furtherance of justice to allow the change and substitution. The court bases its reasoning somewhat on the Duran case, 31 C. Cls., 353, wherein it was held that the court had power to bring in new Indian defendants after the statutory period for bringing suits had expired. The Duran case, however, on this point is not consistent with the Martinez case, 195 U. S., 469. There is, however, a clear distinction between *368 the Davenport case and the case we have. In the former all of the heirs had brought suit and consented that it might proceed in the name of the administrator of the decedent. No one of them had brought a suit claiming the property as his own, as in the case at bar. They claimed as heirs; Askins claimed in his own right.
It is argued with much earnestness that the question before us has been settled in the Curtis case, No. 9722, Indian depredation, in which there was no opinion. That suit had been brought by William R. Curtis, who claimed the property as his own, and upon his death his wife was substituted as ad-ministratrix of his estate. After the bar of the statute the administrator of one J. C. Curtis filed an intervening petition, alleging that the property was really partnership property, and alleging that it was necessary for him to be a party to protect his rights, because William R. Curtis was denying them. Later a plea of fraud was interposed by the defendants against the interest of William R. Curtis upon the ground that he had presented and maintained his claim as the sole owner of the property. The case proceeded to judgment in the name of the administrator of William R. Curtis, and then, upon a motion made by the administrator of J. C. Curtis, consented to by the attorney for William R. Curtis and by the Government, the judgment was divided so that the administrator of each of the Curtises had judgment for one-half of the recovery. It appeared, however, that William R. Curtis had become bankrupt. The proof showed that the property was partnership property, and that J. C. Curtis was dead at the time the suit was brought. It must necessarily, therefore, have been prosecuted in the name of William R. Curtis if alive or in the name of the administrator of W. R. Curtis as surviving partner. The court did not pass in terms upon the plea of fraud, but gave judgment as above stated. The only similarity of questions involved between that case and the one in hand is upon the question of the fraud of the original claimant. In the present case we have no doubt that the claim of William J. Askins could be forfeited under the operation of section 172 of the Judicial Code. There was, however, doubt as to whether the entire *369 claim could have been forfeited in the Curtis case. It was necessary before the administrator of his partner could get-anything that the suit be prosecuted in the name of William E. Curtis as surviving partner, in whom was the title and ownership as surviving partner, and it has been repeatedly held that the capacity in which one sues may be shown by amendment. It is manifest that the two judgments rendered in the Curtis case were because (1) all parties consented and (2) it was necessary to render judgment in the name of the administrator of J. C. Curtis in order to protect that interest against the claim of the assignee of William E. Curtis, bankrupt, or force the partner to go into the bankrupt court to establish his right. In that case there were no change of parties plaintiff nor the striking out of the name of William E. Curtis and the substitution of another.
As above stated, the plaintiff in this case was not claiming as an heir of his father, but in his own right. If the administrator of his father’s estate be substituted as plaintiff, it can not be upon the idea that the other heirs were represented in the original suit, because such is not the fact. The administrator’s claim is directly opposed to that set up in the original petition and testified to by William J. Askins. He seeks to interpose a claim long after the bar of the statute of limitations which is radically different from that made in the original petition. He claims not under or by or for William J. Askins, but against his claim as originally presented and prosecuted. William J. Askins can not recover in this suit under the petition which he has filed, nor can the name of his father’s administrator be substituted now that the plaintiff fails. For this would be an evasion of the statute.
Under the well-settled rule that a new and sole party plaintiff can not be substituted for an original plaintiff and thereby make a complete change of parties, the motion must be and is denied. And it appearing that the said William J. Askins is now dead, the petition is dismissed, and it is so ordered.