RULEY, JUDGE:
In March of 1978, the claimant and his wife were proceeding in his 1977 Chevrolet Caprice automobile to their home near Peach Fork, which is located between Porter’s Creek and Clen-denin in Kanawha County. The road over which they were travelling was apparently in a poor state of repair due mainly to the severity of the winter weather. It was dusk and it had been raining most of the day. At some point the car became stuck in a rut in the road, and the claimant, with the aid of a bumper jack, was able to extricate the car from the rut. From this point the claimant, with his wife driving, pushed the car for a distance of 100 feet, where it slipped into a ditch and was damaged to the extent of $533.48. The claimant testified that previous to the accident he and his neighbors had made numerous complaints to respondent, and this testimony was un-contradicted by respondent.
*179 James Huffman, a foreman of respondent, testified that he was familiar with the road where the accident occurred and that it was among the roads that he and his crew maintained. According to Huffman, the road was assigned a low priority, and usually it was graded twice a year and the ditch line was dragged. He testified that the road was a rock base road, and the drainage ditch along the side of the road was probably a foot to a foot and a half in depth. According to Huffman, he put some 144 tons of stone on the road on the 3rd and 4th days of January, 1978. He further indicated that the road was difficult to maintain due to its inaccessibility. In order for heavy equipment to reach this area, it is necessary for them to proceed through Clay County because of the existence of a low weight limit bridge on the most direct route in Kanawha County.
We have held many times that the respondent is neither an insurer nor a guarantor of the safety of persons travelling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E. 2d 81 (1947). Judge Jones in Cassel v. Department of Highways, 8 Ct. Cl. 259 (1971), stated the duty as follows:
“Following decisions of the Supreme Court of Appeals of West Virginia, this Court has consistently held that the State is not an insurer and its duty to travelers is a qualified one, namely, reasonable care and diligence in the maintenance of its highways under all the circumstances. The maintenance of highways is a governmental function and funds available for road repairs are necessarily limited.”
We do not believe as a matter of law that the record in this case establishes by a preponderance of the evidence that the respondent failed to exercise reasonable care and diligence in the maintenance of this road. This conclusion thus eliminates the necessity of exploring possible contributory negligence or assumption of risk on the part of the claimant. Accordingly, we disallow the claim.
Claim disallowed.